UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JULIE AND DANIEL BURTOVOY,    No. 2:10-cv-02497-MCE-JFM

       Plaintiffs,

  v.    MEMORANDUM AND ORDER

JP MORGAN CHASE N.A., AMERICAN MORTGAGE NETWORK INC., WACHOVIA MORTGAGE CORPORATION, NDEX WEST LLC, STEWART TITLE COMPANY,

       Defendants.

----oo0oo----

Plaintiffs Julie and Daniel Burtovoy ("Plaintiffs") seek redress from Defendants JP Morgan Chase N.A., American Mortgage Network Inc., Wachovia Mortgage Corporation, Ndex West LLC, and Stewart Title Company ("Defendants") based on alleged violations of the Truth in Lending Act ("TILA") and other various state law claims.

///

///

///

Presently before the Court are Defendants JP Morgan Chase N.A. ("Chase") and Wachovia Mortgage Corporation's ("Wachovia") Motions to Dismiss Plaintiffs' Complaint for failure to state a claim upon which relief may be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6).[1]  For the reasons set forth below, Defendants' Motions to Dismiss are both granted.[2]

## BACKGROUND[3]

This action stems from a set of two residential mortgage loans on a single residential property.  Plaintiffs had two loans on their property, at least one of which was issued through Chase.  On October 1, 2007, a deed of trust was recorded against the property through Defendant Ndex West LLC ("Ndex").  Plaintiff contends that Ndex refused any tender of arrearage on at least one of their mortgages.  Plaintiffs' home was foreclosed upon.

Plaintiffs allege the foreclosure was invalid because they had notified the lender of their right to rescind the mortgage, pursuant to TILA, prior to the foreclosure sale, however do not specify which lender they contacted, or which mortgage is even at issue.

///

---

[1] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure unless otherwise noted.

[2] Because oral argument will not be of material assistance, the Court deemed this matter suitable for decision without oral argument.  E.D. Cal. Local Rule 230 (g).

[3] The factual assertions in this section are based on the allegations in Plaintiffs' Complaint unless otherwise specified.

2

It is also unclear which mortgage and lender Plaintiffs claim is in violation of TILA.[4] Because the property has been sold, leaving Wachovia with no interest, Plaintiffs request that Defendant Wachovia be dismissed without prejudice. However, Plaintiffs re-assert that Chase indicated its interest and intent to foreclose on the property in a notice mailed to Plaintiffs in December 2009.

Wachovia and Chase have each filed a timely Motion to Dismiss. Chase contends it has no involvement in either loan, never had a recorded interest in the property. (Mot. To Dismiss 1.) Both Motions to Dismiss contend that Plaintiffs' claims against each fail to state facts sufficient to show any alleged misconduct.

**STANDARD**

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996). Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," to "give the defendant fair notice of what the...claim is and the grounds upon which it rests."

---

[4] Wachovia, in their Motion to Dismiss, asserts that Plaintiffs' TILA claim is most likely against the first mortgage on the home that was originally assigned to Chase. According to Wachovia, this first mortgage was the one foreclosed upon, and therefore they have no involvement in the matter.

3

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations and quotations omitted). Though "a complaint attacked by a Rule 12(b)(6) motion" need not contain "detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 555 (quoting Papasan v. Allain, 478 U.S. 265, 2869 (1986)). A plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level." Id. (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004) ("[T]he pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.")).

Further, "Rule 8(a)(2)...requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirements of providing...grounds on which the claim rests." Twombly, 550 U.S. at 555 n.3 (internal citations omitted). A pleading must then contain "only enough facts to state a claim to relief that is plausible on its face." Id. at 570. If the "plaintiffs...have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." Id.

///
///
///
///

4

Once the court grants a motion to dismiss, they must then decide whether to grant a plaintiff leave to amend. Rule 15(a) authorizes the court to freely grant leave to amend when there is no "undue delay, bad faith, or dilatory motive on the part of the movant." Foman v. Davis, 371 U.S. 178, 182 (1962). In fact, leave to amend is generally only denied when it is clear that the deficiencies of the complaint cannot possibly be cured by an amended version. See DeSoto v. Yellow Freight Sys., Inc., 957 F.2d 655, 658 (9th Cir. 1992); Balistieri v. Pacifica Police Dept., 901 F. 2d 696, 699 (9th Cir. 1990) ("A complaint should not be dismissed under Rule 12(b)(6) unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.") (internal citations omitted).

**ANALYSIS**

Plaintiffs allege violations of state and federal law and request relief accordingly. However, the issue before the Court is not the substance of these various claims, but whether Plaintiff has plead enough facts on the federal claim as a general matter, for any to stand. While the complaint does not need detailed factual allegations, it must still provide sufficient facts alleged under a cognizable legal theory. See supra.

///
///
///

**A.   TILA Claim**

Plaintiffs appear to assert violations of TILA, though the Complaint does not clearly assert against which Defendant the claim is asserted.  Further, Plaintiffs do not specifically assert whether they are seeking civil damages or rescission under TILA.  Plaintiffs also do not assert the grounds upon which they are owed relief under TILA, other than regarding the nature of the original loan documents.

**1.   Wachovia's Motion to Dismiss**

Wachovia asserts it is not clear what declaratory relief Plaintiffs are seeking from it as a Defendant, or if the TILA violation is even targeted toward Wachovia at all.  Wachovia alleges the TILA violation is only related to the first mortgage in the Complaint since this was the mortgage that Plaintiffs defaulted on, which commenced foreclosure proceedings.  Since Wachovia has no interest in the first mortgage, Wachovia's Motion asserts the TILA violation does not appear to be directed toward it as a Defendant.  Nowhere in the complaint do Plaintiffs assert facts showing any violation by Wachovia, or assert that the second loan is in violation of TILA.

Plaintiffs have not asserted enough facts or asserted a claim with enough specificity to put Defendant Wachovia on notice of a cognizable issue.  First, it is unclear if the claimed TILA violations are directed toward defendant Wachovia.  Second, what relief Plaintiffs seek under TILA is not stated with specificity.

1  Under the Twombly standard, while a complaint need not contain
2  detailed factual allegations, it must contain enough facts to
3  state a claim and raise a right to relief above a speculative
4  level. See supra.  Plaintiffs have not pled enough facts to nudge
5  the claim over the line to sustainable. Accordingly, Wachovia's
6  Motion to Dismiss is granted.
7       In addition, in Plaintiffs' Response in Opposition to the
8  Motion to Dismiss, Plaintiffs request dismissal without prejudice
9  of Defendant Wachovia, as the sale of the property left Wachovia
10 with no interest. See ECF No. 12.  An action may be dismissed at
11 the plaintiff's request by court order, on terms that the court
12 considers proper according to Rule 41(a)(2).  A plaintiff is
13 generally permitted to dismiss an action without prejudice, so
14 long as any defendant will not be prejudiced by such action. See
15 Stevedoring Services of America v. Armilla Intern. B.V., 889 F.2d
16 919, 921 (9th Cir. 1989).  No Defendant has filed any opposition
17 to the Plaintiffs' request to release Wachovia as a Defendant
18 without prejudice, and no Defendant will be prejudiced by such
19 action.  Accordingly Plaintiffs' request to release Wachovia as a
20 Defendant is granted.
21
22          **2.   Chase's Motion to Dismiss**
23
24     Chase believes it was erroneously sued, stating that it does
25 not currently have, and never has had, a recorded interest in the
26 property.  Chase Home Finance was assigned all beneficial
27 interest in the first loan on October 1, 2007.  (See Mot. Diss.
28 ECF No. 8, Ex. 4.)

7

Chase Home Finance also sent a notice of intent to foreclose to the Plaintiffs. However, it is unclear from the record the relationship between JP Morgan Chase and Chase Home Finance.

Further, Plaintiffs have not asserted enough facts or asserted a claim with enough specificity to put Defendant Chase on notice of a cognizable issue. Again it is unclear if the claimed TILA violations are directed toward Defendant Chase. The Complaint merely asserts that Defendant improperly conducted the sale due to violations of TILA regarding the nature of the original loan documents. While Chase apparently was the assigned beneficiary of the deed of trust related to the foreclosure, it is unclear here exactly who Plaintiffs are alleging violated TILA. Further no facts supporting the allegation that a Defendant violated TILA are given, except the vague statement that the lender was notified regarding the right of rescission by the Plaintiffs. Again no specific lender is named, and no reference or facts are given surrounding this apparent communication. Under the <u>Twombly</u> standard, while a complaint need not contain detailed factual allegations, it must contain enough facts to state a claim and raise a right to relief above a speculative level. <u>See supra</u>. Plaintiffs have not pled enough facts to nudge the claim over the line to sustainable. Accordingly, Chase's Motion to Dismiss is granted.

///
///
///
///
///

**B.   Plaintiffs' Remaining Causes of Action**

Plaintiffs' federal claim presently dismissed, the Court declines to exercise supplemental jurisdiction over the remaining state cause of action.  The Court need not address the merits of Defendants' Motions to Dismiss with respect to the remaining state law causes of action, as those issues are now moot.

**CONCLUSION**

For the reasons stated above, Defendants Wachovia and Chase's Motions to Dismiss (ECF Nos. 6 and 8, respectively) are GRANTED with leave to amend.  Defendant Wachovia is DISMISSED without prejudice.  Plaintiffs have not demonstrated any bad faith or other malicious conduct, and therefore may file an amended complaint not later than twenty (20) days after the date this Memorandum and Order is filed electronically.  If no amended complaint is filed within said twenty (20)-day period, without further notice, Plaintiffs' claims will be dismissed without leave to amend.

IT IS SO ORDERED.

Dated: December 2, 2010

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE